**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GREGORY POLITE,

     Petitioner - Appellant,

v.

DAVID MILLER, Warden,

     Respondent - Appellee.

No. 12-5066
(D.C. No. 4:08-CV-00330-JHP-FHM)
(N. D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***
_____

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

_____


     Petitioner-Appellant Gregory Polite, a pro se Oklahoma state prisoner convicted of

first-degree rape and sentenced to life in prison, seeks a Certificate of Appealability

("COA") to challenge the district court's denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2254. We have reviewed the record and Mr. Polite's arguments, and

conclude that Mr. Polite has failed to make a substantial showing of the denial of a

constitutional right. We therefore DENY Mr. Polite's request for a COA and DISMISS

this appeal.

_____

     \* This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

On the night of June 24, 2005, Mr. Polite went to the home of his former girlfriend, Glenna Bridges.[1]  Ms. Bridges asked him to leave, but Mr. Polite refused, threatening to "knock her teeth out."  Following a physical altercation that included Mr. Polite striking Ms. Bridges in the eye with a closed fist and choking her, Mr. Polite forced Ms. Bridges to engage in sexual intercourse.  The next morning, after Mr. Polite left, Ms. Bridges called her mother and was taken to the hospital, where she was examined by a trained sexual assault nurse, who later testified at trial that Ms. Bridges had suffered injuries consistent with nonconsensual intercourse.  Upon his arrest in connection with this incident, Mr. Polite admitted to police that he had gone to Ms. Bridges' home and argued and physically fought with her, and that the two had had sexual intercourse, though Mr. Polite claimed it was consensual.  A jury convicted Mr. Polite of first-degree rape.

Mr. Polite appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), asserting seven propositions of error, several of which implicated his due process right to a fair trial.[2]  The OCCA affirmed Mr. Polite's conviction, denying each

---

[1] The recitation of the facts is taken from the Oklahoma Court of Criminal Appeals's opinion in Mr. Polite's direct appeal, and from excerpts of the trial transcript contained in the record on appeal.

[2] Those errors were: (1) that several continuances granted to the State were procedurally irregular; (2) that the nurse who examined Ms. Bridges should not have been permitted to testify that her findings were consistent with nonconsensual

Continued . . .

of his propositions of error.  Mr. Polite then sought post-conviction relief in the federal court, filing the pro se § 2254 petition that is the subject of the instant appeal, and asserting the same seven grounds of error.[3]  The district court denied Mr. Polite's petition, finding that the OCCA's determination warranted deference, and further denied a COA.

## DISCUSSION

## I. Standard of Review

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA.  See 28 U.S.C. § 2253(c)(1)(A).  We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  "This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citing Slack v.

---

(Cont. )
intercourse; (3) that the testimony of Ms. Bridges' mother was prejudicial; (4) that the admission of evidence regarding Mr. Polite's prior crimes was prejudicial; (5) that various comments by the prosecution amounted to reversible misconduct; (6) that the district court should have defined "reasonable doubt" for the jury; and (7) that the errors were not harmless.

[3] To the extent that Mr. Polite, in his brief before this Court, attempts to assert new grounds of error in connection with his underlying conviction, we do not consider arguments raised for the first time on appeal.  See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012); see also 28 U.S.C. § 2244(b)(2), (3) (limiting review of second-or-successive habeas petitions containing new claims); cf. Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006) (treating any claim that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" as a second-or-successive habeas petition).

McDaniel, 529 U.S. 473, 484 (2000)).  And where, as in this case, the state court addressed the merits of the applicant's claims, "the [Anti-Terrorism and Effective Death Penalty Act's ("AEDPA's")] deferential treatment of state court decisions must be incorporated into our consideration of a . . . petitioner's request for COA."  Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004) (explaining that we will not grant a COA for petitioners whose constitutional claims are merely "at least debatable").  Under AEDPA, habeas relief is available if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2).

Applying that standard here, we cannot say that the OCCA's disposition of any of Mr. Polite's seven grounds for appeal was contrary to or involved an unreasonable application of clearly established federal law.  To the extent Mr. Polite points this Court to legal authority in support of his arguments, we find that authority inapposite, and our own research reveals no principle of clearly established federal law that was contradicted by the OCCA's decision.  Having reviewed the record presented to us, we also cannot say that the OCCA's determination of the facts was unreasonable.  Accordingly, for substantially the same reasons as stated by the district court in denying § 2254 relief, we DENY Mr. Polite's request for a COA.

## II.    Counsel in the § 2254 proceeding below

Before this Court Mr. Polite also asserts that he should have had counsel in the habeas proceeding in the district court.  In the § 2254 proceeding below, Mr. Polite had moved for appointment of counsel, or, in the alternative, an extension of time to reply to the Respondent's response to his petition.  The district court denied the motion for appointment of counsel, but granted Mr. Polite extra time to file his reply.

Where a defendant has already had a chance to appeal his conviction in the state courts, there is no constitutional right to counsel in subsequent federal habeas proceedings.  See Coleman v. Thompson, 501 U.S. 722, 756 (1991); Swazo v. Wyo. Dept. of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion."  Swazo, 23 F.3d at 333.  Mr. Polite was represented by counsel in his appeal before the OCCA.  Our review of the record reveals no abuse of discretion in the district court's denial of Mr. Polite's motion for appointment of counsel in the § 2254 proceeding.[4]

---

[4] Intertwined with Mr. Polite's argument with respect to appointment of counsel are frequent references to the four-year delay between the filing of his § 2254 petition and the district court's eventual ruling on that petition.  Mr. Polite does not actually assert that the delay amounted to a due process violation, but to the extent his brief can be so construed, we reject the argument.  See United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[A] delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas relief."); Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996) ("Delay in processing [a] collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief.").

**CONCLUSION**

For substantially the same reasons as did the district court, we DENY Mr. Polite's application for a COA, and DISMISS this appeal.


Entered for the Court


DAVID M. EBEL, Circuit Judge